**MUSICK, PEELER & GARRETT LLP**
ATTORNEYS AT LAW
601 CALIFORNIA STREET, SUITE 1250
SAN FRANCISCO, CALIFORNIA 94108-2817
TELEPHONE (415) 281-2000
FACSIMILE (415) 281-2010

Catherine M. Lee (State Bar No. 197197)
c.lee@mpglaw.com

Attorneys for Defendant JPMorgan Chase Bank, N.A.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| KENNETH N. EMEZIEM,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>J P MORGAN CHASE BANK, N.A., the Successor in Interest to WASHINGTON MUTUAL BANK; DOES 1 to 100,<br><br>　　　　　Defendants. | CASE No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1331 & 1441(b) [FEDERAL QUESTION]**<br><br>(Alameda County Superior Court, Case No. RG16829343) |

TO THE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

Pursuant to 28 U.S.C. sections 1331 and 1441(b), defendant JPMorgan Chase Bank, N.A. ("JPMC") hereby gives notice of the removal of this action from the Superior Court of California, County of Alameda, Case Number RG16829343 ("State Court Action"), where it is currently pending, to the United States District Court for the Northern District of California, Oakland Division. As grounds for removal, JPMC states as follows:

## I. PROCEDURAL BACKGROUND

1. On August 30, 2016, plaintiff Kenneth N. Emeziem ("Plaintiff") filed the Complaint in the State Court Action against JPMC alleging causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, slander and libel, negligent and intentional hiring and supervision, negligent and intentional conduct, invasion of privacy based on a violation of the federal Fair Credit Reporting Act and the federal Fair Debt Collections Practices Act, and alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq. A copy of the Summons and Complaint in the State Court Action that was served on JPMC is attached hereto as **Exhibit A**.

2. A copy of the "Notice of Assignment of Judge for All Purposes" served with the Summons and Complaint is attached hereto as **Exhibit B**.

3. A copy of the "Notice of Case Management Conference and Order" served with the Summons and Complaint is attached hereto as **Exhibit C**.

4. A copy of the Civil Case Cover Sheet filed in the State Court Action is attached hereto as **Exhibit D**.

5. A copy of the Proof of Service of Summons filed in the State Court Action is attached hereto as **Exhibit E**.

6. A copy of the Plaintiff's Case Management Conference Statement filed in the State Court Action is attached hereto as **Exhibit F**.

7. A copy of the Case Management Conference Order filed in the State Court Action

is attached hereto as **Exhibit G**.

8. JPMC was served with Plaintiff's Summons and Complaint on December 27, 2016.

9. This Notice of Removal is being filed within the 30-day time period required by 28 U.S.C. § 1446(b). *See* **Exhibit E** (showing personal service of Summons and Complaint on JPMC on December 27, 2016).

## II. GROUND FOR REMOVAL -- FEDERAL QUESTION JURISDICTION

10. The present suit is an action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and may be removed to this Court by JPMC pursuant to 28 U.S.C. § 1441(b), as it is a civil action founded on a claim or right arising under the laws of the United States. Removal is thus proper because one of Plaintiff's claims presents a federal question, namely, the sixth cause of action of the Complaint is for violation of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (*see* Complaint, ¶¶ 59-65). 28 U.S.C. §§ 1331, 1441(b). *See also Sun v. Rickenbacker Collection*, No. 5:10-CV-01055-EJD, 2013 WL 61038, at *3 (N.D. Cal. Jan. 2, 2013) ("court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's complaint raises a federal question under the Fair Credit Reporting Act . . . ."); *Riese v. Chase Home Fin., LLC*, No. C 11-03297 NJV, 2011 WL 4344590, at *1 (N.D. Cal. Sept. 13, 2011) (removal authorized because court has original federal question jurisdiction over claims based on federal Fair Credit Reporting Act); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 429 (7th Cir. 2009) (affirming that removal was proper because district court had original jurisdiction over the FCRA claim and supplemental jurisdiction over other state law claims). The remaining claims in the Complaint based on state law may be adjudicated by this Court pursuant to 28 U.S.C. § 1367.

## III. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

11. Pursuant to 28 U.S.C. § 1446(b), this Notice is being filed with this Court within 30 days after JPMC was served with a copy of Plaintiff's initial pleading setting forth the claims for relief upon which Plaintiff's action is based.

12. Pursuant to 28 U.S.C. § 1441(a), venue of the removal action is proper in this Court because it is in the district and division embracing the place where the State Court Action is

1 pending.

2  13.  Promptly after the filing of this Notice of Removal, JPMC shall give written notice of the removal to Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Alameda, as required by 28 U.S.C. § 1446(d).

 14.  Other than those attached hereto as Exhibits A through G, inclusive, no other proceedings, process, pleadings, orders, or other papers have been filed or served in the State Court Action. Trial has not commenced in the State Court Action.

 15.  By filling this Notice of Removal, JPMC, the only defendant in the State Court Action, consents to the removal of this case.

 a.  Washington Mutual Bank is not alleged as a defendant. The Complaint alleges that the defendant is "J.P. Morgan Chase Bank (Chase) the Successor in Interest to Washington Mutual Bank." *See* **Exhibit A** at 1:18-20 and 1:27-2:2. Washington Mutual Bank ceased to exist on September 25, 2008 when it was closed by Office of Thrift Supervision, and its banking operations was purchased that same day by JPMC. *Gusenkov v. Washington Mut. Bank, FA*, No. C 09-04747 SI, 2010 WL 2612349, at *2 (N.D. Cal. June 24, 2010) ("On September 25, 2008, the Office of Thrift Supervision ("OTS"), which regulates the operations of federally chartered savings associations, closed Washington Mutual Bank and appointed FDIC as Receiver for WMB. . . . On September 25, 2008, the same date that the FDIC was appointed as Receiver for WMB, the bulk of WMB's assets were transferred to JPMorgan Chase Bank . . . .")

 16.  This Notice of Removal is being filed without prejudice to the objections and defenses of JPMC.

///
///
///
///
///
///
///

1 | WHEREFORE, JPMC respectfully prays that the action be removed to this District Court
2 | and that this District Court assume full jurisdiction as if it had been originally filed here.

4 | DATED: January 24, 2017         MUSICK, PEELER & GARRETT LLP

By:  /s/ Catherine M. Lee
     Catherine M. Lee
     Attorneys for Defendant
     JPMorgan Chase Bank, N.A.